# United States Bankruptcy Court
## Southern District of Florida

In re Steven Malone,             Case No. 16-11472-PGH
      Debtor                         Chapter 11

**STEVEN MALONE'S PLAN OF REORGANIZATION, DATED DECEMBER 12, 2016**

Submitted on December 12, 2016

Steven E. Wallace, Esq.
Florida Bar Number 585661
Attorney for the Debtor
The Wallace Law Group, PL
2240 W. Woolbright Road #403
Boynton Beach, Florida 33426
Telephone: 561-877-6020
Facsimile: 561-244-4302
Email: ecfwallacelaw@gmail.com

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Steven Malone (the "Debtor") from (a) future income from wages from his position as Chief Executive Officer of Tera Industries, Inc. d/b/a Industrial Technologies, (b) personal savings, if any from Debtor and his spouse, (c) future income from distributions as shareholder of Industrial Technologies, (d) contributions of future income from his wife, Christine Malone, and (e) if necessary, sale or liquidation of real and personal property owned by Debtor.

This Plan provides for 2 classes of secured claims; 1 class of unsecured claims; and 1 classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately .003 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.   All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02   Class 2.   The claim of Wells Fargo Bank, N.A., to the extent allowed as a secured claim under § 506 of the Code.

2.03   Class 3.   The claim of Cesena Finance Corporation, to the extent allowed as a secured claim under § 506 of the Code. Note, Debtor is filing a Motion Avoid Lien of Cesena Finance Corporation to the extent such lien impairs Debtor's Homestead Property located at 113 Via Capri, Palm Beach Gardens, Florida 33418.

2.04   Class 4.   All unsecured claims allowed under § 502 of the Code.

2.05 Class 5.   The interests of the individual Debtor in property of the estate.

### ARTICLE III TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.   Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02   Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   Priority Tax Claims.   Each holder of a priority tax claim, if any, will be paid.

3.04   United States Trustee Fees.   All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.   Specifically, Debtor will pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) through the date of confirmation of this Plan, within fourteen (14) business days of the entry of an order confirming this Plan. Furthermore, the Debtor (as reorganized) will file with this Court post-confirmation Quarterly Operating Reports and pay the U.S. Trustee the appropriate sums required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods within the time periods set forth in 28 U.S.C. §1930(a)(6)  based upon all post-confirmation disbursements, until the earlier of the closing of this case by the Issuance of a Final Decree by the Court, or upon the entry of an Order by the Court dismissing or converting this case to another Chapter under the Code.

*[Remainder of Page Left Blank Intentionally.]*

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims<br><br>**Total Priority Claim: $0** | Unimpaired. | No priority claims have been scheduled by Debtor and Debtor does not believe any other priority claims exist. However, in the event that it is determined by the Court that any priority claims do exist, then each holder of a Class 1 Priority Claim will be paid in full, over 60 months from the Effective Date, in 60 equal monthly payments which will begin on the 1st day of the month following the Effective Date and continue on the 1st day of every month thereafter. |
| Class 2 – Secured Claim of Rushmore Loan Management Services, LLC | Impaired | Debtor and Secured Creditor shall take part in the Mortgage Modification Mediation Program ("MMM") pursuant to the Local Rules of this Court. In the event the parties reach an agreement during the MMM ("MMM Agreement"), then Debtor shall pay pursuant to the terms of the MMM Agreement. In the event the parties reach an impasse during the MMM, then Debtor shall endeavor to sell its homestead property located at 113 Via Capri, Palm Beach Gardens, Florida 33418 and pay in full the Secured Creditor. Notwithstanding the foregoing, until an impasse is reached in the MMM and the Mediator files its final report with this Court pursuant to the Local Rules of this Court, Creditor shall be barred from obtaining relief from the automatic stay under Section 363 of the Code. |

4

| | | |
|---|---|---|
| Class 3 – Secured Claim of Cessna Finance Company (Judgment Lien on Non-Homestead Property and Non-Exempt Personal Property) | Impaired | Class 3, the Secured Claim of Cessna Finance Corporation.. There are currently pending Motion to Avoid Liens on Homestead and Exempt Personal Property. Pending the outcoe |
| Class 4 – General Unsecured Creditors<br><br>**Total general unsecured claims: $1,798,370.54** | Impaired | Class 4 consists of all allowed unsecured general claims. Class 4 Creditors shall share *pro rata* in a total distribution in the amount of $ 7,166.40. Any allowed unsecured or undersecured general claimant shall receive payment over 5 years from the first day of the month following the Effective Date in 60 equal monthly payments of $119.44 per month. The specific creditors to be paid under this Plan (as well as a payment schedule) are set forth in the attached as Exhibit "A." Class 4 will be receiving a distribution of approximately ._____% of their allowed claim(s). |
| Class 5 - Equity Security Holders of the Debtor | Unimpaired | Class 5 consists of Debtor's interest in property of the estate, which is retained under this Plan. Debtor has committed the value of 5 years of the projected household net disposable income toward funding the Plan, and have otherwise met all of the requirements under the Code. Class 5 is presumed to accept the Plan and not entitled to vote. |

    4.02    Default of Plan Payment(s). Unless otherwise specifically set forth above, in the event of any default by Debtor of any payment required by Section 4.01 above, the Claimant shall provide Debtor with notice of such default, by electronic mail to Debtor's counsel, Steven E. Wallace, Esq. at ecfwallacelaw@gmail.com and wallacelaw1@me.com and by facsimile at 561-244-4302 (the "Default Notice"). Debtor shall be afforded ten (10) days from receipt by Debtor's counsel of such Default Notice to cure such default ("Cure Period"). Claimant shall not take any further action(s) against Debtor, including without limitation proceeding against Debtor in a court of competent jurisdiction seeking *in rem* remedies against Debtor's property described herein or alleging a "material" default of this Plan by Debtor, unless the Cure Period has expired.

To the extent that any default by Debtor (and failure to cure during the Cure Period) of any payment required by Section 4.01 above relates to a secured claim, then such Claimant's remedies are limited to any and all *in rem* remedies against the subject property (pursuant to the underlying loan documents), as long as Debtor ultimate receive a discharge. Should Debtor not receive a discharge, then such remedies shall not be limited and shall include any *in personam* rights against Debtor pursuant to the underlying loan documents.

To the extent that any default by Debtor (and failure to cure during the Cure Period) of any payment required by Section 4.01 above relates to an unsecured claim, then such Claimant may pursue whatever remedies are available pursuant to the underlying contract(s) or agreement(s) between Claimant and Debtor or pursuant to applicable law. However, should Debtor ultimately receive a discharge, then any such claims shall be discharged pursuant to the Code.

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03   Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases. There were no executory contracts of unexpired leases in effect as of the Petition Date that Debtor will assuming.

6.02   Rejection of Executory Contracts and Unexpired Leases. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under Section 6.01above, or before the date of the order confirming this Plan, upon the Effective Date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The means necessary for the execution of this Plan including the following sources: a) future income from wages from his position as Chief Executive Officer of Tera Industries, Inc. d/b/a Industrial Technologies, (b) personal savings, if any from Debtor and his spouse, (c) future income from distributions as shareholder of Industrial Technologies, (d) contributions of future income from his wife, Christine Malone, and (e) if necessary, sale or liquidation of real and personal property owned by Debtor. It is estimated that during the 12 month period following the Effective Date, Debtor (including distributions and contributions from his spouse) will earn necessary to make the payments required under the Plan. Debtor's household net income is described in detail in Debtor's Disclosure Statement which is being circulated with this Plan.

Debtor shall, and believes he can, generate sufficient income to the amount necessary to enable him to make all payments due under this Plan. Attached to the Disclosure Statement is a 5 year cash flow project, demonstrating that the Plan Payments are feasible. Alternatively, if necessary, Debtor may sell some or all of his assets (including exempt assets) to provide cash flow necessary to make payments under the Plan.

To the extent Debtors wish to prepay any amounts due from exempt assets or other third party sources, Debtor reserve the right to do so without penalty and to seek the entry of a final decree closing this case. Debtors, as reorganized, will retain and will be re-vested in all property of this Estate, excepting property which is to be sold or otherwise disposed of as provided herein, executory contracts which are rejected pursuant to this Plan and property transferred to Claimants of Debtor pursuant to the expressed terms hereof. The retained property shall be used by Debtor in the ordinary course of their personal affairs. (Further detail concerning the nature and scope of Debtor's personal affairs may be found in the Disclosure Statement which accompanies this Plan).

## ARTICLE VIII
## GENERAL PROVISIONS

8.01  Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02  Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03  Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.    The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## ARTICLE IX
## DISCHARGE

9.01.    Discharge.    Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted.

By: _____
Steven Malone, Debtor

By: _____
Steven E. Wallace, Esq.
Florida Bar Number: 585661
Attorney for the Plan Proponent